## ELIJAH LOCKWOOD v. ROBERT HOSKISSON.

Where the defendant, being indebted to the plaintiff for labor, procured a third person to execute a note to the plaintiff therefor, with the mutual understanding, between the plaintiff and defendant, that the note was to be charged by such third person to the defendant, but the note was, by mistake, charged to the plaintiff, and the plaintiff, in his settlement with such third person, accounted for the note, and the defendant received the note of the plaintiff, and paid him the amount of it in money, and delivered the note to the maker, and was credited for it by the maker, and, in a subsequent settlement with the maker, received the benefit of that credit, it was held, that the money paid by the defendant to the plaintiff must be considered an equivalent for the note merely, and that the original indebtness still subsisted.

And it was held, that the books of account of the maker of the note were competent evidence for the plaintiff, in a suit brought upon the original indebtedness, to prove the transaction, and also to show that the accounts of the plaintiff and defendant upon those books stood balanced, without any correction as to the note.

BOOK ACCOUNT. Judgment to account was rendered in the county court, and an auditor was appointed, the substance of whose report is sufficiently detailed in the opinion delivered by the court. The county court,—COLLAMER, J., presiding,—rendered judgment for the plaintiff, upon the report, for $22,18; to which decision the defendant excepted.

*S. Fullam* for defendant.

*Wm. M. Pingry* for plaintiff.

The opinion of the court was delivered by

ROYCE, J.   This is an action on book account, and the questions reserved relate to an item of sixteen dollars, for which the plaintiff had judgment in the county court.

It appears by the auditor's report, that, in the spring of the year 1837, the defendant became indebted to the plaintiff to the amount of sixteen dollars, for labor; and that soon afterwards it was so arranged, that the Perkinsville Manufacturing Company executed their note to the plaintiff for the amount, it being mutually understood between the plaintiff and defendant, that the latter was to be charged by the company with the amount of that note. It also appears that the defendant received said note of the plaintiff, and paid him the amount in cash. But the report farther shows, that the company in fact charged the note to the plaintiff, instead of the defendant, and that the plaintiff, in a subsequent settlement with the company, accounted with them for it. It is also found, that the defendant was credited by the company for that note given up; and that, in an after settlement with the company, he took the benefit of that credit.

It is evident, upon these facts, that the note ought not to be treated as an extinguishment, or satisfaction, of the plaintiff's claim for labor. It was not obtained upon the defendant's credit, as was mutually expected; and though this may have happened through the mistake of the company, in charging the note to the wrong person, yet both these parties acquiesced in the mistake, and the defendant even took credit with the company for the amount of the note, without any corresponding charge to balance it. And although it was supposed by the parties, when the note passed to the defendant and the amount was received by the plaintiff, that the original demand of the latter was thus satisfied, yet, in the end, the money so received must be regarded as an equivalent for the note merely, and not as payment of the previous account.

An objection was taken to the books of the company, when offered by the plaintiff as evidence of the mistake in charging the note

to him.  But they were proper evidence of the fact, that the note stood charged to the plaintiff, and credited to the defendant ; as also of the fact, that the account of each party stood balanced upon those books, without correction in regard to the note.   And these facts, when accompanied, as they seem to have been, with actual proof of settlements corresponding with these entries on the books, had a legitimate tendency to show the mistake.

Judgment of county court affirmed.